UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. R. WALKER,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv722-CAB-JLB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 22] AND GRANTING MOTION TO DISMISS [Doc. No. 15]** |

    Plaintiff Darius Sims ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed his complaint on April 10, 2017, pursuant to 42 U.S.C. §1983 with regard to the medical care he received while incarcerated at Richard J. Donovan Correctional Facility ("RJDCF"). [Doc. No. 1 at 3-6.] On June 15, 2017, Plaintiff filed exhibits to his Complaint. [Doc. No. 5.] On October 11, 2017, Defendants filed a motion to dismiss. [Doc. No. 15.] On December 14, 2017, Plaintiff filed an opposition to the motion to dismiss. [Doc. No. 20.] On December 27, 2017, Defendants filed a reply to the opposition. [Doc. No. 21.]

    On June 4, 2018, Magistrate Judge Jill L. Burkhardt issued a Report and Recommendation ("Report") to grant the motion to dismiss the entire complaint on the grounds of failure to exhaust administrative remedies. [Doc. No. 22 at 1-12.] In the alternative, the Report recommends the motion to dismiss the Eighth Amendment claims

be granted in part and denied in part. [Doc. No. 22 at 12-31.] On July 30, 2018, Plaintiff filed objections to the Report. [Doc. No. 25.] On August 13, 2018, Defendants filed a reply to the objections. [Doc. No. 26.] On August 22, 2018, Plaintiff filed further objections to the Report. [Doc. No. 27.] Having reviewed the matter *de novo* and for the reasons that follow, the Report with regard to exhaustion of administrative remedies is **ADOPTED** and the motion to dismiss the entire complaint without prejudice is **GRANTED** on the grounds of failure to exhaust administrative remedies.

## REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

## DISCUSSION

A. Background.

The Report contains a complete summary of the factual allegations of the Complaint (including exhibits to the Complaint) and, therefore, the summary is adopted in full. Nevertheless, a brief review of the record regarding exhaustion of administrative remedies follows.

Plaintiff filed three grievances with regard to his medical treatment at RJDCF. The first grievance, filed on September 12, 2016, stated that Defendants Walker and Chau were not adequately treating his pain and requested that Plaintiff be prescribed stronger pain medication or sent to a facility that was equipped to treat his illnesses. [Doc. No. 5 at 27-29.] The second grievance, filed on November 9, 2016, inquired about the status of

2

17cv722-CAB-JLB

his first grievance. [Doc. No. 5 at 31.] The third grievance, filed November 29, 2016, also claimed that Defendants Walker and Chau were deliberately indifferent to Plaintiff's serious medical needs. [Doc. No. 5 at 54.] The third grievance also referenced the first grievance. *Id.*

The record is unclear as to the status of the first and second grievances. However, the status of the third grievance, which is essentially identical to the first and second grievances, is clear from the face of the Complaint:

(1) The third grievance was denied at the first level of review on February 4, 2017 [Doc. No. 5 at 46-47];

(2) The third grievance was denied at the second level of review on April 7, 2017 [Doc. No. 5 at 48];

(3) Plaintiff appealed the third grievance to the third level of review on May 24, 2017 [Doc. No. 5 at 51];[1]

Meanwhile, on April 10, 2017, three days after the denial at the second level of review and six weeks before Plaintiff's appeal to the third level of review, Plaintiff filed this Complaint. [Doc. No. 1.]

B. Standard of Review and Applicable Law

The Prison Litigation Reform Act ("PLRA") requires that a prisoner civil rights plaintiff exhaust administrative remedies before bringing a claim in federal court. 42 U.S.C. § 1997e(a). Exhaustion of claims under the PLRA serves two primary purposes. It gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citations and internal quotations omitted). Additionally, exhaustion "promotes efficiency" by allowing resolution of claims "quickly and economically" before the commencement of federal

---

[1] The record does not contain a decision at the third level of review; however, Plaintiff states in his opposition to the motion to dismiss that he received a denial of this appeal at the third level on September 29, 2017. [Doc. No. 20 at 4.]

litigation. *Id*. The PLRA requires exhaustion of administrative procedures "as are available" to the inmate. *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir.2010) (quoting 42 U.S.C. § 1997e(a)). It is well-established that exhaustion must occur before the filing of a complaint and that a prisoner does not comply with the exhaustion requirement by exhausting available remedies during the course of the litigation. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam); *see also Brown v. Valoff*, 422 F.3d 926, 942 (9th Cir.2005) (noting "a prisoner may not proceed to federal court while exhausting administrative remedies").

To exhaust a claim under the PLRA, an inmate must describe the grievance in enough detail to satisfy the facility's grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir.2009). A prisoner complies with an institution's administrative procedures under the statute when a grievance "alerts the prison to the nature of the wrong for which redress is sought." *Id*. (citation and quotation marks omitted). "To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations." *Sapp*, 623 F.3d at 824.

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014)(*quoting Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). A defendant may move for dismissal under Rule 12(b)(6) on the ground of failure to exhaust administrative remedies only "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." *Albino*, 747 F.3d at 1166; *see* Fed.R.Civ.P. 12(b)(6) (providing for motion to dismiss claim for relief on ground of "failure to state a claim upon which relief can be granted"). A failure-to-exhaust defense relying on evidence outside the pleadings, however, should be raised in a motion for summary judgment. *Id*.

Under the burden-shifting regime that applies to failure-to-exhaust motions, a defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir.2015); *Albino,* 747 F.3d at 1172; *see also Hilao v. Estate of Marcos*, 103

F.3d 767, 778 n. 5 (9th Cir.1996). The burden then shifts to the prisoner plaintiff to show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.' " *Williams*, 775 F.3d at 1191 (*quoting Albino*, 747 F.3d at 1172). Defendants retain the ultimate burden of proof. *Williams*, 775 F.3d at 1191.

If the court finds that a prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused, the case may proceed to the merits. *Albino*, 747 F.3d at 1171. If, however, the court finds that a prisoner has not exhausted prison administrative remedies, the proper remedy is dismissal of the action without prejudice. *McKinney*, 311 F.3d at 1200.

C. Analysis.

Defendants move to dismiss the complaint on the grounds that Plaintiff's failure to exhaust his administrative remedies against all claims and each defendant prior to filing suit is apparent from the face of the Complaint. [Doc. No. 15-1 at 5.] Thus, Defendants contend that a motion to dismiss under Rule 12(b)(6) is proper under *Albino*. 747 F.3d at 1166. Plaintiff argues that he exhausted all available remedies because: (1) prison officials did not respond to his first grievance, and (2) RJDCF's grievance process is "broken." [Doc. No. 20 at 4.]

As noted by Magistrate Judge Burkhardt, it is clear from the face of the Complaint (which includes exhibits to the Complaint) that Plaintiff failed to exhaust administrative remedies prior to filing suit. Exhaustion is measured at the time the operative complaint is filed. *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (*citing McKinney*, 311 F.3d at 1199); *Cano v. Taylor*, 739 F.3d 1214, 1220–21 (9th Cir. 2014). Plaintiff filed his complaint on April 10, 2017. [Doc. No. 1.] Plaintiff's appeal of the decision on his third (November 29, 2016) grievance was denied at the second level of review just three days before he filed his complaint. [Doc. No. 5 at 48.] Plaintiff did not appeal this denial until

May 24, 2017. [*Id*. at 51.] In his Opposition to Defendants' Motion to Dismiss Plaintiff concedes he did not receive a third level response to his appeal until September 29, 2017, over five months after he filed his complaint. [Doc. No. 20 at 4.] It is clear from the face of the complaint that Plaintiff failed to exhaust the administrative remedies available to him for his third (November 29, 2016) grievance before he filed suit.

Plaintiff argues that he properly exhausted administrative remedies before filing suit because prison officials did not respond to his first grievance. As noted by Magistrate Judge Burkhardt, the first grievance was essentially identical to the third grievance and Plaintiff was actively pursuing administrative remedies for the third grievance when he filed this complaint. Therefore, administrative remedies were "capable of use at hand," *Albino*, 747 F.3d at 1171, and Plaintiff failed to exhaust these remedies before filing suit.

Plaintiff also argues that the appeal process is "broken" because prison officials did not timely respond to grievances Plaintiff filed on incidents unrelated to the claims in this action. [Doc. No. 20 at 2-4.] However, as noted by Magistrate Judge Burkhardt, the question is whether administrative remedies were available to Plaintiff in this case. *See Ross v. Blake*, 136 S.Ct. 1850, 1858-59 (2016). For the reasons set forth above, such remedies were available and Plaintiff was actively pursuing them when he filed this complaint. Therefore, Plaintiff failed to exhaust administrative remedies prior to filing this suit.

Dismissal of the complaint without prejudice may seem harsh and a waste of resources when Plaintiff has now, during the course of the litigation, exhausted administrative remedies. However, that is exactly what is required under the law. *See McKinney*, 311 F.2d at 1200 ("While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit.") *See also Gleason v. Franklin*, No. CV 13-07015-CBM (DFM), 2015 WL

5921095, at *4 (C.D. Cal. August 19, 2015)(case dismissed without prejudice pursuant to a motion to dismiss where plaintiff failed to satisfy the PLRA's exhaustion requirement prior to the filing of the lawsuit).

CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** that:

1. The Report [Doc. No. 22] with regard to exhaustion of administrative remedies is **ADOPTED**[2];
2. The motion to dismiss the entire complaint without prejudice [Doc. No. 5] is **GRANTED** on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. The complaint is **DISMISSED WITHOUT PREJUDICE** to the filing of a new action.
3. The Clerk of the Court shall **CLOSE** the case.

**IT IS SO ORDERED**.

Dated: August 27, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] The Court does not reach the issue of whether Plaintiff has stated viable Eighth Amendment claims against the various defendants.